UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAN VAN LE,

        Petitioner,

                                Case No. 1:05-CV-26

v.

                                HON. ROBERT HOLMES BELL

JOHN PRELESNIK,

        Respondent.
                                /

**ORDER DENYING PETITION**
**FOR WRIT OF HABEAS CORPUS**

      This matter is before the Court on Petitioner Tan Van Le's objections to the Magistrate Judge's April 10, 2006, Report and Recommendation ("R&R") recommending that Petitioner's § 2254 petition for writ of habeas corpus be denied in its entirety. The R&R was duly served on the parties. Petitioner filed objections to the R&R on April 21, 2006.

      This Court is required to make a *de novo* review upon the record of those portions of the R&R to which specific objections have been made. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."). Although the Magistrate Judge's R&R is reviewed *de novo*, this Court must review the state court proceedings consistent with the standards set forth in 28 U.S.C. § 2254.

Petitioner's objections concern the Magistrate Judge's recommendations with respect to Petitioner's third and fourth claims. The Magistrate Judge recommended denial of Petitioner's third claim because Petitioner failed to show that the Court of Appeals' rejection of Petitioner's prosecutorial misconduct claim was contrary to or an unreasonable application of any holding of the United States Supreme Court. Petitioner's objections to the R&R do not cite to any United States Supreme Court opinions. Accordingly, Petitioner has still failed to show that the state court proceedings "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Neither has Petitioner identified any error in the Magistrate Judge's analysis with respect to Petitioner's third claim.

The Magistrate Judge recommended denial of Petitioner's fourth claim because Petitioner did not cite any Supreme Court decision that might call into question the ruling of the State Court of Appeals regarding the issue of a continuance. In his objections Petitioner argues that the trial court's failure to grant a continuance to review tape recordings prior to allowing the prosecution's cross-examination of an important defense witness denied Petitioner effective assistance of counsel and due process because defense counsel could not effectively prepare for objections during the prosecution's cross-examination.

These arguments were effectively addressed in the R&R. The Magistrate Judge noted that the trial court afforded defense counsel the entire weekend to review the tapes in preparation for redirect examination of witness Nguyen, that Petitioner never articulated a reason why his attorney's effectiveness was undermined by lack of access to the tapes during

the prosecution's cross-examination, and that the case did not present the kind of egregious circumstances where the denial of an adjournment in the middle of cross-examination would implicate due process concerns.  Petitioner's citations to case law in support of general principles regarding the right to effective assistance of counsel and due process implications when defense counsel does not have adequate time to prepare, are not sufficient to undermine the Magistrate Judge's analysis with respect to the specific facts of his case.  Petitioner has still failed to show how the denial of a continuance during the cross-examination of the defense witness prejudiced the outcome of his case or how it was contrary to or an unreasonable application of any holding of the United States Supreme Court.  Accordingly, upon *de novo* review of those portions of the R&R to which specific objections have been made,

      **IT IS HEREBY ORDERED**  that the April 10, 2006, Report and Recommendation of the Magistrate Judge is **APPROVED** and **ADOPTED** as the opinion of the Court.

      **IT IS FURTHER ORDERED**  that Petitioner's request for habeas relief is **DENIED**.


Dated:   September 11, 2006          /s/ Robert Holmes Bell
                                                              ROBERT HOLMES BELL
                                                             CHIEF UNITED STATES DISTRICT JUDGE